UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

THOMAS GOODSON,

                         Plaintiff,

                                                     <u>DECISION AND ORDER</u>

                                                   04-CV-6393L

                  v.

DEBORAH EVANS, et al.,

                         Defendants.

_____

      Plaintiff, Thomas Goodson ("Goodson"), appearing *pro se*, commenced this action pursuant
to 42 U.S.C. § 1983.  Plaintiff, an inmate in the custody of the New York State Department of
Correctional Services ("DOCS") alleges that defendants Deborah Evans, William Goodman, Garry
Sullivan, Joseph Marrone, Harold Smith, James Stone and Heather Duke, all of whom were at all
relevant times employed by the New York State Office of Mental Health (collectively "the OMH
defendants") and defendant Glenn Goord, the Commissioner of DOCS, violated his constitutional
rights in connection with plaintiff's mental health care. Defendants have moved for summary
judgment (Dkt. #22).  Plaintiff has not responded to the motion. For the reasons that follow, the
motion is granted.

## DISCUSSION

### I. Plaintiff's Failure to Respond to the Summary Judgment Motion

      Rule 56(e) of the Federal Rules of Civil Procedure provides that:

> When a motion for summary judgment is made and supported as provided in this rule, an
> adverse party may not rest upon the mere allegations or denials of the adverse party's
> pleading, but the adverse party's response, by affidavits or as otherwise provided in this
> rule,  must set forth specific facts showing that there is a genuine issue for trial. If the
> adverse party does not so respond, summary judgment, if appropriate, shall be entered
> against the adverse party.

The Court of Appeals for the Second Circuit has held that when a party moves for summary judgment against a *pro se* litigant, either the movant or the district court must provide the *pro se* litigant with notice of the consequences of failing to respond to the motion. *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2d Cir. 1999); *see also Irby v. New York City Transit Auth.*, 262 F.3d 412, 413 (2d Cir. 2001).

In the instant case, defendants' notice of motion (Dkt. #22) and this Court's scheduling order (Dkt. #26), which allowed plaintiff until April 10, 2006 to respond to defendants' motion, gave plaintiff notice of the requirements of Rule 56 and the consequences of failing to respond properly to a motion for summary judgment. The notice of motion states, in part, that "you must respond, by affidavits or as otherwise provided in the rule, setting forth further specific facts showing that there are genuine issues of material facts for trial. Any factual assertions in the defendants [sic] supporting declaration will be accepted by the Court as being true unless you submit affidavits or other documentary evidence contradicting our assertions. If you do not respond ... as described above, summary judgment, if appropriate, may be entered against you. If summary judgment is entered against you, your case ... will be dismissed."

Likewise, the scheduling order (Dkt. #26) states, in part, that: "THE CLAIMS PLAINTIFF ASSERTS IN HIS COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE DOES NOT RESPOND TO THIS MOTION by filing his own sworn affidavits." It further states that: "Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint. Rather, plaintiff must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial"; "Any issue of fact that plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by defendants"; and "If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendant, the Court may accept defendant's factual assertions as true."

- 2 -

Clearly, the scheduling order and notice of motion provided plaintiff with adequate notice of his obligation to respond to defendant's motion, and the consequences of not doing so. *See Champion v. Artuz,* 76 F.3d 483 at 486 (explaining what constitutes adequate notice to a *pro se* litigant).  Parties appearing *pro se* are required to furnish the Court with a current address at all times pursuant to rule 5.2(d)of the Local Rules of Civil Procedure for the Western District of New York.  The Court has received no such notification and assumes that the scheduling order and notice of motion have been received by the plaintiff. Accordingly, the Court will accept the truth of defendants' factual allegations, and determine whether defendants are entitled to summary judgment.

## II. Claims Against the OMH Defendants

Plaintiff alleges that the OMH defendants violated his Eighth Amendment rights through deliberate indifference to plaintiff's medical needs.  I find that these defendants are entitled to summary judgment.

To show that prison medical treatment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, plaintiff must prove that defendants' actions or omissions amounted to "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A medical need is "serious" for constitutional purposes if it presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994), *cert. denied*, 513 U.S. 1154 (1995)).

As to the "deliberate indifference" component, the Supreme Court has explained that this standard includes both an objective and a subjective element. *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).  With respect to the objective aspect, the court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights.  With respect to the subjective component, the court must consider whether the deprivation was brought about by

- 3 -

defendants in wanton disregard of those rights. *Id.* To establish deliberate indifference, therefore, plaintiff must prove that the defendant had a culpable state of mind and intended wantonly to inflict pain. *See Wilson*, 501 U.S. at 299; *DesRosiers v. Moran*, 949 F.2d 15, 19 (1st Cir. 1991); *Ross v. Kelly*, 784 F.Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992).

In addition, an inmate's "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703; *see also Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) ("The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion").

In this case, plaintiff alleges that the OMH staff at Five Points Correctional Facility changed plaintiff's diagnosis course of treatment in certain respects on May 5, 2004. There is *no* evidence, however, that those changes were incorrect or medically inappropriate.

Even if plaintiff could show that the treatment he received after that date was somehow inadequate, though, plaintiff offers no evidence to demonstrate that any defendant had the requisite culpable state of mind to act with deliberate indifference. Although plaintiff may subjectively believe that his care was not adequate or correct, though, that difference of opinion does not demonstrate deliberate indifference and does not give rise to an Eighth Amendment claim. *See Evans v. Manos*, 336 F. Supp. 2d 255, 263 (W.D.N.Y. 2004).

## III. Personal Involvement of Defendant Goord

Defendant Goord contends that plaintiff's claims against him should be dismissed for lack of personal involvement. I agree. A plaintiff asserting a § 1983 claim against a supervisory official in his individual capacity must show that the supervisor was personally involved in the alleged constitutional deprivation. *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001); *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001). Personal involvement

may be shown by evidence that:  (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberate indifference to others' rights by failing to act on information indicating that unconstitutional acts were occurring.  *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).

Here, plaintiff has not alleged that Goord was personally involved in the alleged constitutional deprivation, and therefore has failed to state a claim against him. In short, there is no evidence that Goord participated in any of the alleged violations of plaintiff's rights, that he knew of but failed to act on information about such violations, or that he was grossly negligent in supervising any subordinates who committed the wrongful acts.  Goord is therefore entitled to summary judgment as well.

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #22)  is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 18, 2006.

- 5 -